# THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# CIVIL CASE NO. 1:11-cv-00095-MR-DLH

| | |
|---|---|
| STEPHANIE CROCKETT, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | **O R D E R** |
| ) | |
| ) | |
| MISSION HOSPITAL, INC., ) | |
| ) | |
| Defendant. ) | |

**THIS MATTER** is before the Court on the Plaintiff's Motion to Vacate Clerk's Taxation of Costs [Doc. 46].

**I.  PROCEDURAL BACKGROUND**

The Court entered an Order granting summary judgment in favor of the Defendant on July 3, 2012. [Doc. 33]. The Plaintiff appealed, and on May 30, 2013, the Fourth Circuit Court of Appeals affirmed. [Doc. 38]. The Defendant filed a Bill of Costs on June 7, 2013. [Doc. 38]. The Clerk taxed costs in the amount of $1,686.15. [Doc. 40]. Thereafter, the Plaintiff filed an Objection, arguing *inter alia* that the award of costs was premature in that the mandate had not yet been issued from the Fourth Circuit. [Doc. 41]. On June 24, 2013, in light of Plaintiff's Objection, the Clerk vacated

the taxation of costs and stated that the Defendant's Bill of Costs would be reconsidered once the time for the filing of costs and any objections had run. [Doc. 42].

The Fourth Circuit's mandate issued on July 3, 2013. [Doc. 44]. On August 21, 2013, the Clerk taxed costs in the amount of $1,762.95 against the Plaintiff. [Doc. 45]. The Plaintiff now moves to vacate the award of costs. [Doc. 46]. The Defendant has not filed any opposition to the Plaintiff's Motion.

## II.    DISCUSSION

A prevailing party may move for an award of costs pursuant to Rule 54(d) of the Federal Rules of Civil Procedure, which provides, in pertinent part: "Unless a federal statute, these rules, or a court order provides otherwise, costs – other than attorney's fees – should be allowed to the prevailing party." Fed. R. Civ. P. 54(d)(1). The grant or denial of an award of costs is a matter within the Court's discretion. Cherry v. Champion Int'l Corp., 186 F.3d 442, 446 (4th Cir. 1999).

The Fourth Circuit has recognized that "the language of Rule 54(d)(1) gives rise to a presumption that costs are to be awarded to the prevailing party." Ellis v. Grant Thornton LLP, 434 F. App'x 232, 235 (4th Cir. 2011) (per curiam) (citation and internal quotation marks omitted). "Accordingly, it

is incumbent upon the unsuccessful party to show circumstances sufficient to overcome the presumption favoring an award of costs to the prevailing party." Id. (citing Teague v. Bakker, 35 F.3d 978, 996 (4th Cir. 1994)).

When a court denies an award of costs, it must "articulat[e] some good reason" for doing so. Cherry, 186 F.3d at 446 (citations and internal quotation marks omitted). Essentially, the court must find that "there would be an element of injustice in a presumptive cost award." Id. Among the factors that the Court may consider in deciding whether to deny an award of costs are: "(1) misconduct by the prevailing party; (2) the unsuccessful party's inability to pay the costs; (3) the excessiveness of the costs in a particular case; (4) the limited value of the prevailing party's victory; or (5) the closeness and difficulty of the issues decided." Ellis, 434 F. App'x at 235 (citations and internal quotations omitted).

Here, the Plaintiff's sole basis for arguing that an award of costs is unwarranted is her contention that she is unable to pay such costs. In support of her motion, the Plaintiff submits an Affidavit detailing her monthly income and expenses. [Doc. 46 at 4-5]. While the Plaintiff appears to be of somewhat limited means, the Court cannot say that the presumptive award of costs would create an injustice in this case. In so holding, the Court is mindful of the Fourth Circuit's admonition that "the plain language

of Rule 54(d) does not contemplate a court basing awards [of costs] on a comparison of the parties' financial strengths. To do so would not only undermine the presumption that Rule 54(d) creates in prevailing parties' favor, but it would also undermine the foundation of the legal system that justice is administered to all equally, regardless of wealth or status." Cherry, 186 F.3d at 448.

The Plaintiff also argues that the award of costs should be vacated because the Defendant's Bill of Costs was not timely filed. Local Rule 54.1 provides, in pertinent part, that the "prevailing party may request the Clerk of Court to tax allowable costs, other than attorneys' fees, in a civil action as a part of a judgment or decree by electronically filing a bill of costs on a form available from the Clerk of Court, within thirty (30) days after: (1) the expiration of time allowed for appeal of a final judgment or decree; or (2) receipt by the Clerk of Court of the mandate or other Order terminating the action on appeal." LCvR 54.1(A). In the present case, the Defendant's Bill of Costs was filed prior to the issuance of the mandate. The Plaintiff cites no basis in the law for requiring the Defendant to refile its Bill of Costs after the issuance of the mandate, especially in light of the Clerk's clearly stated intention to reconsider the Bill of Costs once the deadline under Local Rule

4

54(d)(1) had run.  Accordingly, the Court declines to vacate the taxation of costs on this basis.

**IT IS, THEREFORE, ORDERED** that the Plaintiff's Motion to Vacate Clerk's Taxation of Costs [Doc. 46] is **DENIED**.

**IT IS SO ORDERED.**

Signed: September 21, 2013

Martin Reidinger
United States District Judge